IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TROY B. JENSEN**, | Case No. 3:20-cv-01486-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **STATE FARM FIRE AND CASUALTY COMPANY**, an Illinois corporation, | |
| Defendant. | |

Willard E. Merkel, Merkel & Associates, One SW Columbia St., Ste. 520, Portland, OR 97004. Attorney for Plaintiff.

David P. Rossmiller; Elissa M. Boyd; Ryan Tarter, Chartwell Law, 1050 SW 6th Ave., Ste. 1100, Portland, OR 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

This matter comes before this Court on Defendant State Farm Fire and Casualty Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF 42. For the reasons set forth below, this Court GRANTS Defendant's Motion to Dismiss and dismisses this case without prejudice.

**STANDARDS**

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist.

PAGE 1 – OPINION AND ORDER

*Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012). When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). The court may permit discovery to determine whether it has jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The court has broad discretion in granting discovery and may narrowly define the limits of such discovery. *Id.* When the court "receives only written submissions, the plaintiff need only make a prima facie showing of jurisdiction." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

## BACKGROUND

According to Plaintiff Troy B. Jensen's Complaint in this matter, on or about August 20, 2018, Plaintiff recklessly, but unintentionally, caused a fire at his apartment. ECF 1-2 at 3. The fire destroyed Plaintiff's personal property and caused damage to the apartment complex, including a coffee shop located on the ground floor of the building. *Id*. Plaintiff claims that as a result of the fire, liability claims were asserted by Wyatt Apartments in the sum of $98,871.61, and by Joyfield Corporation, in the sum of $741,711.22.[1] *Id*. Plaintiff then sought recovery from his insurer, Defendant State Farm Fire and Casualty Company. *Id*. Plaintiff alleges that Defendant breached the terms of the policy when it failed to pay $865,582.83 to settle the claims. *Id.* The Complaint does not allege Wyatt Apartments and Joyfield Corporation—or their

---

[1] Plaintiff also sought $25,000 for damage to his personal property. *Id.*

PAGE 2 – OPINION AND ORDER

insurers, Allianz Insurance Company and Farmers Insurance Company—have brought a civil action against Plaintiff. Nor does he allege that any judgment has been entered against him or that he has paid any amount in regard to the damages at issue.

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint on the ground that Plaintiff has failed to allege facts sufficient to establish a ripe case or controversy. ECF 42 at 4. Specifically, Defendant argues that Plaintiff's breach of contract claim is not yet ripe because there has been no binding determination by a court that Plaintiff is liable to the subrogation insurers for the August 20, 2018 incident.[2] This Court finds that it cannot exercise subject-matter jurisdiction in this case and dismisses Plaintiff's Complaint without prejudice.

Article III, Section 2 of the United States Constitution, limits this Court's subject-matter jurisdiction to deciding "cases" or "controversies." *See, e.g.*, *Allen v. Wright*, 468 U.S. 737, 750 (1984). No case or controversy exists if a case is not yet ripe for adjudication. *See, e.g.*, *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). As a result, a federal court lacks subject-matter jurisdiction when a claim is not ripe. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution."). Unripe claims may be dismissed sua sponte. *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990) ("Ripeness is more than a mere procedural question;

---

[2] This Court notes that Fed. R. Civ. P. 14 creates a mechanism for an indemnification claim to avoid a ripeness challenge where a loss has yet to occur. *See Buser v. Asset Recovery Grp., Inc.*, 2014 WL 693493, at *3 (D. Or. Feb. 21, 2014). However, the facts here are distinguishable because the subrogation insurers are not a party to this current action. Had the subrogation insurers sought recovery, Plaintiff could in turn file a third-party complaint against Defendant for indemnification. However, those are not the facts here.

PAGE 3 – OPINION AND ORDER

it is determinative of jurisdiction."). Before the merits of this case can even be considered, it is incumbent on this Court to first determine whether this claim is ripe for adjudication. *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010) ("[W]e are without jurisdiction to address the merits of the claim unless it is ripe.").

Plaintiff argues that his insurance policy covers the damage that resulted from the August 20, 2018 fire and that Defendant's failure to indemnify him constituted a breach of contract. ECF 1-2 at 3. For Plaintiff's claim to be ripe, Plaintiff must have suffered some harm that is tied to the alleged breach of contract committed by Defendant. This is because the existence of damages for which Plaintiff is legally liable is a condition precedent to Defendant having a duty to indemnify under the policies. *See Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1122–23 (9th Cir. 2010) ("The central concern [of the ripeness inquiry] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks and citation omitted); *Sidlo v. Kaiser Permanente Ins. Co.*, 221 F. Supp. 3d 1183, 1216–17 (D. Haw. 2016) (rejecting Plaintiff's ripeness theory because any viable claim for indemnity was premised on potential future litigation and Plaintiff had not been sued, made payment, or discharged any other legal obligation).

Here, the conditions precedent—Plaintiff's liability to the subrogation insurers and Defendant's failure to perform—have yet to be satisfied. In fact, no suit or other formal civil process appear to have been filed in relation to the fire even though three years have passed since the incident occurred. It is possible that the subrogation insurers may never file suit. This means that Plaintiff may not suffer any actual loss that could even theoretically be traced to an alleged breach by Defendant. Adjudicating the merits of this case would put the Court in the untenable

PAGE 4 – OPINION AND ORDER

position of sanctioning a potential windfall based on the inaction of a subrogation insurer who is not even a party in this matter.

Plaintiff appears to concede that his breach of contract claim—and thus his entire case for ripeness—hinges on whether he is in fact legally liable to the subrogation insurers. ECF 44 at 1. Plaintiff claims to have an "informal agreement" with the subrogation insurers that they will not sue for payment as long as Plaintiff actively pursues payment of their damages from his insurer, Defendant. ECF 44 at 2. Plaintiff asserts that his legal liability is established because he has always conceded liability and he has provided the subrogation insurers with a judgment by confession pursuant to ORCP 73. *Id.* However, neither Plaintiff's concession of liability nor his confession can cure the deficiencies presented in this case.

First, Plaintiff has provided no case law to support his assertion that a non-binding concession of liability could make this case ripe for this Court's review. While any concession of fault would certainly assist in establishing his liability, any threat of future litigation is still hypothetical. "An insurer's duty to indemnify is determined by whether the insured is found to be liable for harm or injury that is covered by the insurance policy." *Bighorn Logging Corp. v. Truck Ins. Exch.*, 295 Or. App. 819, 828 (2019); *see id.* ("[T]he duty to indemnify is triggered when the findings made by the trier of fact as to what actually occurred fall within the scope of coverage and are not subject to any exclusion in the policy."). As a result, the circumstances of this case have yet to trigger an obligation to indemnify by Defendant.

Second, the judgments by confession presented by Plaintiff are similarly unavailing. ECF 45-1; ECF 45-2. The confessions state that Plaintiff agrees "to forfeit the right to dispute [the subrogation insurers'] claim for reimbursement" and "authorizes the entry of a Judgment in favor of [the subrogation insurers] and against him." ECF 45-1 at 1–2, ECF 45-2 at 1–2. But the act of

PAGE 5 – OPINION AND ORDER

signing these confessions has yet to create any liability for Plaintiff because they are still premised on the subrogation insurers using the confession as part of a legal action in the future. For example, the confessions note that Plaintiff has merely authorized entry of a judgement—not that a judgment has been entered. As ORCP 73 is laid out, entry of a confession by a court is what gives the judgment validity. Prior to entry, a confession is only an agreement between the parties. *See Merrill Lynch Com. Fin. Corp. v. Hemstreet*, 261 Or. App. 220, 223 (2014) (noting that the defendants did not owe the plaintiffs money pursuant to the judgment by confession until after the judgment was executed and entered by the court).

Plaintiff has provided no evidence that the confessions were ever properly entered. ECF 47-1. Further, Plaintiff admits that neither of the subrogation insurers have filed any civil actions against him and he has not paid any monetary compensation or restitution. *See* ECF 43-3 at 3–4. If Plaintiff wants to use the confessions as a basis for liability, then the subrogation insurers must follow the process of obtaining a valid judgment. Until then, any potential breach is not ripe for review. Because Plaintiff's claims involve future events that are too "uncertain and speculative," this suit may not proceed. *Chandler*, 598 F.3d at 1123.

## CONCLUSION

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF 42, is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice.

**IT IS SO ORDERED**.

DATED this 6th day of December, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge