IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TROY B. JENSEN**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE FARM FIRE AND CASUALTY COMPANY**, an Illinois corporation, <br><br> Defendant. | Case No. 3:20-cv-01486-IM <br><br> **AMENDED OPINION AND ORDER**[1] |

Willard E. Merkel, Merkel & Associates, One SW Columbia St., Ste. 520, Portland, OR 97004. Attorney for Plaintiff.

David P. Rossmiller; Elissa M. Boyd; Ryan Tarter, Chartwell Law, 1050 SW 6th Ave., Ste. 1100, Portland, OR 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

This matter comes before this Court on Defendant State Farm Fire and Casualty Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF 42. For the reasons below, this Court GRANTS Defendant's Motion to Dismiss and REMANDS the case back to the

---

[1] In an effort to clarify the appropriate remedy in this case, this Court issues the following Opinion and Order which shall serve as an amendment to this Court's December 6, 2021 Opinion and Order, ECF 49, and constitute the final disposition of Defendant's Motion to Dismiss.

PAGE 1 – OPINION AND ORDER

Multnomah County Circuit Court.[2]

## STANDARDS

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012). When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). The court may permit discovery to determine whether it has jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The court has broad discretion in granting discovery and may narrowly define the limits of such discovery. *Id.* When the court "receives only written submissions, the plaintiff need only make a prima facie showing of jurisdiction." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

## BACKGROUND

According to Plaintiff Troy B. Jensen's Complaint in this matter, on or about August 20, 2018, Plaintiff recklessly, but unintentionally, caused a fire at his apartment. ECF 1-2 at 3. The fire destroyed Plaintiff's personal property and caused damage to the apartment complex, including a coffee shop located on the ground floor of the building. *Id*. Plaintiff claims that as a result of the fire, liability claims were asserted by Wyatt Apartments in the sum of $98,871.61,

---

[2] Plaintiff's case was originally filed in the Multnomah County Circuit Court, in the State of Oregon—titled *Troy B. Jensen v. State Farm Fire and Casualty Company*, Case Number 20CV27791. Defendant filed its Notice of Removal on August 31, 2020. ECF 1.

and by Joyfield Corporation, in the sum of $741,711.22. *Id*. Plaintiff also sought approximately $25,000 for damage to his personal property. *Id.* Plaintiff then sought recovery from his insurer, Defendant State Farm Fire and Casualty Company. *Id*. Plaintiff alleges that Defendant breached the terms of the policy when it failed to pay $865,582.83 to settle the claims. *Id.* The Complaint does not allege Wyatt Apartments and Joyfield Corporation—or their insurers, Allianz Insurance Company and Farmers Insurance Company—have brought a civil action against Plaintiff. Nor does he allege that any judgment has been entered against him or that he has paid any amount in regard to the damages at issue.

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint on the ground that Plaintiff has failed to allege facts sufficient to establish a ripe case or controversy. ECF 42 at 4. Specifically, Defendant argues that Plaintiff's breach of contract claim is not yet ripe because there has been no binding determination by a court that Plaintiff is liable to the subrogation insurers for the August 20, 2018 incident.[3] This Court finds that it cannot exercise subject-matter jurisdiction and must remand the case to the state court.

### I. Ripeness

Article III, Section 2 of the United States Constitution, limits this Court's subject-matter jurisdiction to deciding "cases" or "controversies." *See, e.g.*, *Allen v. Wright*, 468 U.S. 737, 750 (1984). No case or controversy exists if a case is not yet ripe for adjudication. *See, e.g.*, *Thomas*

---

[3] This Court notes that Fed. R. Civ. P. 14 creates a mechanism for an indemnification claim to avoid a ripeness challenge where a loss has yet to occur. *See Buser v. Asset Recovery Grp., Inc.*, 2014 WL 693493, at *3 (D. Or. Feb. 21, 2014). However, the facts here are distinguishable because the subrogation insurers are not a party to this current action. Had the subrogation insurers sought recovery, Plaintiff could in turn file a third-party complaint against Defendant for indemnification. However, those are not the facts here.

PAGE 3 – OPINION AND ORDER

*v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). As a result, a federal court lacks subject-matter jurisdiction when a claim is not ripe. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution."). Unripe claims may be dismissed sua sponte. *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990) ("Ripeness is more than a mere procedural question; it is determinative of jurisdiction."). Before the merits of this case can even be considered, it is incumbent on this Court to first determine whether this claim is ripe for adjudication. *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010) ("[W]e are without jurisdiction to address the merits of the claim unless it is ripe.").

Plaintiff argues that his insurance policy covers the damage that resulted from the August 20, 2018 fire and that Defendant's failure to indemnify him constituted a breach of contract. ECF 1-2 at 3. For Plaintiff's claim to be ripe, Plaintiff must have suffered some harm that is tied to the alleged breach of contract committed by Defendant. This is because the existence of damages for which Plaintiff is legally liable is a condition precedent to Defendant having a duty to indemnify under the policies. *See Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1122–23 (9th Cir. 2010) ("The central concern [of the ripeness inquiry] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks and citation omitted); *Sidlo v. Kaiser Permanente Ins. Co.*, 221 F. Supp. 3d 1183, 1216–17 (D. Haw. 2016) (rejecting Plaintiff's ripeness theory because any viable claim for indemnity was premised on potential future litigation and Plaintiff had not been sued, made payment, or discharged any other legal obligation).

Here, the conditions precedent—Plaintiff's liability to the subrogation insurers and

Defendant's failure to perform—have yet to be satisfied. In fact, no suit or other formal civil process appear to have been filed in relation to the fire even though three years have passed since the incident occurred. It is possible that the subrogation insurers may never file suit. This means that Plaintiff may not suffer any actual loss that could even theoretically be traced to an alleged breach by Defendant. Adjudicating the merits of these claims would put the Court in the untenable position of sanctioning a potential windfall based on the inaction of a subrogation insurer who is not even a party in this matter.

Plaintiff appears to concede that his breach of contract claim—and thus his entire case for ripeness—hinges on whether he is in fact legally liable to the subrogation insurers. ECF 44 at 1. Plaintiff claims to have an "informal agreement" with the subrogation insurers that they will not sue for payment as long as Plaintiff actively pursues payment of their damages from his insurer, Defendant. ECF 44 at 2. Plaintiff asserts that his legal liability is established because he has always conceded liability and he has provided the subrogation insurers with a judgment by confession pursuant to ORCP 73. *Id.* However, neither Plaintiff's concession of liability nor his confession can cure the deficiencies presented in this case.

First, Plaintiff has provided no case law to support his assertion that a non-binding concession of liability could make this case ripe for this Court's review. While any concession of fault would certainly assist in establishing his liability, any threat of future litigation is still hypothetical. "An insurer's duty to indemnify is determined by whether the insured is found to be liable for harm or injury that is covered by the insurance policy." *Bighorn Logging Corp. v. Truck Ins. Exch.*, 295 Or. App. 819, 828 (2019); *see id.* ("[T]he duty to indemnify is triggered when the findings made by the trier of fact as to what actually occurred fall within the scope of coverage and are not subject to any exclusion in the policy."). As a result, the circumstances of

PAGE 5 – OPINION AND ORDER

this case have yet to trigger an obligation to indemnify by Defendant.

Second, the judgments by confession presented by Plaintiff are similarly unavailing. ECF 45-1; ECF 45-2. The confessions state that Plaintiff agrees "to forfeit the right to dispute [the subrogation insurers'] claim for reimbursement" and "authorizes the entry of a Judgment in favor of [the subrogation insurers] and against him." ECF 45-1 at 1–2, ECF 45-2 at 1–2. But the act of signing these confessions has yet to create any liability for Plaintiff because they are still premised on the subrogation insurers using the confession as part of a legal action in the future. For example, the confessions note that Plaintiff has merely authorized entry of a judgement—not that a judgment has been entered. As ORCP 73 is laid out, entry of a confession by a court is what gives the judgment validity. Prior to entry, a confession is only an agreement between the parties. *See Merrill Lynch Com. Fin. Corp. v. Hemstreet*, 261 Or. App. 220, 223 (2014) (noting that the defendants did not owe the plaintiffs money pursuant to the judgment by confession until after the judgment was executed and entered by the court).

Plaintiff has provided no evidence that the confessions were ever properly entered. ECF 47-1. Further, Plaintiff admits that neither of the subrogation insurers have filed any civil actions against him and he has not paid any monetary compensation or restitution. *See* ECF 43-3 at 3–4. If Plaintiff wants to use the confessions as a basis for liability, then the subrogation insurers must follow the process of obtaining a valid judgment. Until then, any potential breach is not ripe for review. Because Plaintiff's claims involve future events that are too "uncertain and speculative," these claims may not proceed in federal court. *Chandler*, 598 F.3d at 1123.

## II. Remedy

Now that this Court has determined that it cannot exercise subject-matter jurisdiction over the claims related to the subrogation insurers, it must now decide whether to dismiss these

PAGE 6 – OPINION AND ORDER

claims without prejudice or remand them to the state court where they originated. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . The State court may thereupon proceed with such case." Generally, a district court "*must* remand the case to state court, rather than dismiss it." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."). "Remand is the correct remedy" when a district court lacks subject-matter jurisdiction, because "the *federal* courts have no power to adjudicate the matter," while "[s]tate courts are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196 (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)). As a result, this Court must remand the subrogation insurer claims.

Unlike the unripe subrogation insurer claims, the $25,000 personal property damage claim does not suffer from the same jurisdictional defects. This Court must determine whether to retain jurisdiction over the personal property damage claim or remand it back to the state court with the subrogation insurer claims. Without the subrogation insurer claims, the amount in controversy here would be below the $75,000 threshold necessary to sustain diversity jurisdiction. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."). The amount in controversy is typically determined at the time of the pleading, and "any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

While at the time of the initial pleading Plaintiff's Complaint alleged damages of

PAGE 7 – OPINION AND ORDER

$865,582.83, the exercise of diversity jurisdiction over the remaining personal property damage claim would nevertheless be inappropriate because the unripe subrogation insurer claims should not be counted towards the amount in controversy requirement. *See Speed v. First Class Capital, LLC*, No. 21-cv-02542-RMI, 2021 WL 2413263, at *2 n.1 (N.D. Cal. June 14, 2021) (endorsing the defendant's argument that the plaintiff's unripe claims are not part of the "readily identifiable and non-speculative amount in controversy"); *see also Republic Vanguard Ins. Co. v. Russell*, No. 2:20-CV-1317-RDP, 2021 WL 794464, at *3 (N.D. Ala. Mar. 2, 2021) ("[I]n calculating the amount in controversy, courts may not consider damages sought resulting from unripe causes of action."). Put another way, unripe claims are essentially speculative, and damages that are too speculative cannot be considered with respect to the amount of controversy. *See, e.g.*, *Lien Nghiem v. Luxottica Retail N. Am., Inc.*, No. 2:18-cv-08585-RGK-GJS, 2018 WL 6981028, at *1 (C.D. Cal. Dec. 4, 2018) ("Since the amount of attorneys' fees and punitive damages are also speculative, Defendants do not meet the minimum amount-in-controversy requirement."). Accordingly, this Court must also remand the personal property damage claim for lack of subject-matter jurisdiction.

## CONCLUSION

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF 42, is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Multnomah County Circuit Court in the State of Oregon.

**IT IS SO ORDERED**.

DATED this 13th day of December, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 8 – OPINION AND ORDER